IN THE UNITED STATES BANKRUPTCY COURT
Northern District of Iowa

**In the Matter of**: :
: Case No. 15-01639
Brian J. Hansen :
Jennifer A. Hansen, : Chapter 13,
:
          *Debtors.* :

## CREDITOR'S POST-TRIAL BRIEF

Debtors filed a plan seeking to bifurcate secured claims from under-secured claims for purposes of identifying all "allowed secured claims" pursuant to 11 U.S.C. § 506. The Debtors' plan seeks to pay all allowed secured claims that are secured by Debtors' principal residence, and seeks to avoid all other liens or under-secured liens against the personal residence as unsecured per § 506. Any debt secured *partially* by the personal residence of Debtors' cannot be avoided per § 1322(b)(2), Nobelman v American Savings Bank, 508 U.S. 324 (1993).

Stated differently, the Debtors (Hansens) seek to strip off the foreclosed mechanic's lien held by Tyler Homes by claiming that the value of the home is less than the value of the first mortgage, thereby stripping off all inferior liens.

Tyler Homes has objected to this treatment in the plan. First, Tyler Homes asserts that it holds first priority over and above the mortgage lenders based on the provisions of the 2011 Iowa Code, the governing law at the time these liens were created. (The mechanic's lien statute was amended significantly in 2012 and is not applicable to this proceeding where these liens were established prior to that amendment.) As the first lienholder, Tyler Homes is fully secured to the full extent of its judgment.

1

Second, the value of the Hansen's home is in the range of $720,000.00, consistent with the appraisal of Mike Lockey. At a value of $720,000.00, even if First Bank Hampton is the first lienholder, there is sufficient value in the property to secure the Tyler Homes lien.

Tyler Homes has first priority over all other lienholders.

Iowa Code § 572.17(2011) states: "Mechanics' liens shall have priority over each other in the order of the filing of the statements or accounts as herein provided." Iowa Code § 572.18(2) states: "Construction mortgage liens shall be preferred to all mechanics' liens of claimants who commence their particular work or improvement subsequent to the date of the recording of the construction mortgage lien."

The undisputed testimony at trial is that Tyler Homes submitted a written contract proposal to the Hansens on May 19, 2010. (See Exhibit 4). The district court made a finding of fact that the parties entered into the contract May 27, 2010 (see Page 2 of Exhibit 8). The undisputed testimony of James Harmeyer is that he began pulling permits in late May, 2010, and began digging the basement and excavating in early June, 2010. All of the basement and excavation work was completed by the end of June, 2010, all prior to the time that First Bank Hampton entered into a construction mortgage loan with the Hansens. Exhibit 6 reveals that a mortgage was executed July 23, 2010, and was recorded on that date which conforms to the Debtors' Schedule D in their bankruptcy petition (Exhibit 7). In addition, James Harmeyer testified that First Bank Hampton issued a check to Tyler Homes in the amount of $128,425.50 on July 15, 2010, seven days prior to the mortgage. This check was issued to Tyler Homes for payment of the basement and excavation work.

2

Tyler Homes' work on the property was open, notorious, and visible for all to see, and First Bank Hampton had actual notice of the work by virtue of the payment it made on July 15, 2010 after the work had been performed, but before the time the construction mortgage had been executed and recorded. The plain reading of Iowa Code § 572.18 grants priority to the mechanics' lien holder in this situation. This interpretation is supported by the Iowa Supreme Court in its ruling <u>Metropolitan Federal Bank of Iowa v. A. J. Alan Mechanical Contractors</u>, 477 N.W.2d 668 (Iowa 1991).

As the first lienholder, Tyler Homes' lien is fully secured and cannot be treated as unsecured in Debtors' plan.

<u>The valuation of the Hansen home is at or near $720,000.00 pursuant to the Mike Lockey appraisal.</u>

In the event the court rejects Tyler Homes' priority argument, the valuation of Debtors' personal residence exceeds the value of all prior liens that stand in front of Tyler Homes. The Debtors scheduled First Bank of Hampton's debt at $543,598.48, and seek to treat that debt as the first lien on the property. A review of the evidence demonstrates that the value of the home greatly exceeds $550,000.00. Page 2 of Exhibit 9 reveals that the Debtors paid $135,000.00 for 16.2 acres of property which they disclosed on their Uniform Residential Loan Application on July 14, 2010. The district court made a finding of fact on Page 3 of Exhibit 8 that the contract price was $729,130.96 between Debtors and Tyler Homes as the cost of constructing the home. This figure is confirmed by Exhibit 4, a copy of the contract between the parties. Therefore, the Hansens have spent $864,130.96 on land acquisition and the construction of this home, and this

amount was expended in 2010.  Assuming a very modest 3% increase in value since that time, this would place the value of this home at over $1,000,000.00 based on the cost approach.

At the time the home was being built, appraiser Janel M. Nagel appraised the property at $667,000.00 (Exhibit 2).  Again, assuming modest appreciation in real estate values, this would put the current value at well over $700,000.00 and perhaps $800,000.00.

The only current appraisal that was submitted to the court with any legitimate validity was the one performed by appraiser Mike Lockey, Exhibit 1.  Mr. Lockey testified that he has over 40 years of experience in the industry, and he performs appraisals throughout Eastern Iowa, including Franklin County.  Mr. Lockey went to great lengths to find comparable sales of homes with similar size and features as the property in question.  He looked for properties with larger acreages, that sat in more rural settings, with significant square footage.  His appraisal is thorough and well reasoned, and the market value that he reached was $720,000.00.  The value based on cost approach was $752,442.00.  Mr. Lockey confirmed that in his opinion the market value approach of $720,000.00 was more accurate.  Mr. Lockey took into consideration quality and condition factors on all properties to either increase or decrease the valuation of each relevant property.  This included the deficiencies that he saw when he viewed the Hansen property in early December, 2016.

The appraisal of Michael Albrecht (Exhibit A) should be completely disregarded.  Mr. Albrecht unconventionally, and without any justification, took a $125,000.00 deduction or negative adjustment on the valuation of the Hansen home by relying on a hearsay document that was prepared by some unknown person who may or may not be living, that was provided to the appraiser by the attorney who hired him to perform the appraisal (Exhibit A, Page 4 of 27).  The date of that document is October of 2012, and it is not signed by anyone and there is no evidence

4

of who prepared it. Yet, the appraiser, without verifying the validity of the contents of that document through discussions with architects or structural engineers, based his entire valuation on this suspect document. Even Mr. Albrecht testified that this was "atypical" and that he has never made such an adjustment previously in his career, nor has he ever seen another appraiser make such an adjustment based on this type of a document.

Appraiser Mike Lockey testified that if he were presented with such a document, he would want volumes of documentation to support these claims before making a negative adjustment, and he would want that from an architect or structural engineer. Mr. Lockey agreed with Mr. Albrecht that such a negative adjustment is highly atypical, and that he has never seen such an adjustment made by any appraiser at any time in his 40-year career, and that he himself has never made such a negative adjustment. This highly irregular negative adjustment calls into question the entire methodology of this appraisal and renders it meaningless.

Similarly, Exhibit B, the letter from Larry Elwood Construction to the attorney for the Hansens which was prepared based off an inspection that was conducted May 9, 2017 is completely irrelevant to the issue of valuation. The Lockey appraisal was performed in December of 2016, and the Albrecht appraisal was completed in February of 2017. The Elwood inspection did not occur until May 9, 2017, long after both appraisals were completed. Therefore, neither appraiser relied on the Elwood document to derive valuation or to complete any part of the respective appraisals. Accordingly, the document is irrelevant and adds no value to these proceedings. And, as James Harmeyer testified, Mr. Elwood had absolutely no idea what he was talking about when it came to the materials that were used in the property or what has occurred with those materials, and he was prepared to testify for hours to rebut each and every allegation

5

that was made in the Elwood document.  Moreover, the trial court ruled that the home was constructed "in a good and workmanlike manner." (Exhibit 8, Page 15).

In summary, Tyler Homes has first priority on the Hansen residence.  Alternatively, the value of the Hansen home is $720,000.00, sufficient to secure Tyler Homes' lien.

Respectfully submitted,

*/s/ Kevin D. Ahrenholz*
Kevin D. Ahrenholz      AT0000438
For BEECHER, FIELD, WALKER,
MORRIS, HOFFMAN & JOHNSON, P.C.
620 Lafayette Street, Suite 300
Waterloo, IA 50704
PHONE: 319-234-1766
FACSIMILE: 319-234-1225
ATTORNEY FOR CREDITOR

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the following persons indicated below:

| | |
|---|---|
| Daniel M. McDermott, US Trustee<br>United States Federal Courthouse<br>111 7th Avenue SE, Box 17<br>Cedar Rapids, IA  52401-2101 | Larry S. Eide, Attorney<br>Pappajohn, Shriver, Eide & Nielsen P.C.<br>103 E State Street, Suite 800<br>PO Box 1588<br>Mason City, IA 50402-1588 |
| Carol F. Dunbar, Trustee<br>531 Commercial Street, Ste 500<br>Waterloo, IA 50701 | Brian & Jennifer Hansen<br>744 12th Avenue NE<br>Hampton, IA 50441 |

by ECF  or by enclosing the same in an envelope with postage fully paid, and by depositing said envelope in a United States Postal Service depository in Waterloo, Iowa.  I declare under penalty of perjury that the foregoing is true and correct.

Dated this 1st day of June, 2017.

*/s/ Haley Close*

6