IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| BRIAN J. HANSEN, ) | |
| JENNIFER A. HANSEN, ) | |
| ) | Bankruptcy No. 15-01639 |
| Debtors. ) | |

## AMENDED RULING ON CONFIRMATION

This matter came on for hearing in Mason City, Iowa on May 24, 2018. Larry Eide appeared for Debtors Brian and Jennifer Hansen ("Debtors"). Kevin Arenholtz appeared for Creditor James R. Harmeyer Inc. d/b/a Tyler Homes ("Creditor"). Michael Dunbar appeared for Carol Dunbar as Chapter 13 Trustee ("Trustee"). The Court received evidence and heard arguments. Debtors and Creditor filed briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

The Court originally filed a ruling on this matter on September 10, 2018, denying confirmation based on Trustee's Objection. Debtors filed a Motion to Amend Findings of Fact and Ruling, arguing that Trustee's Objection had been resolved. The Court granted Debtors' Motion to Amend and issues this Amended Ruling.

## STATEMENT OF THE CASE

Creditor has a secured claim on Debtors' home based on a state court judgment. Debtors' plan proposes to pay Creditor's claim over 10 years. Creditor

argues that extending the payments past the length of the plan impermissibly modifies his secured claim contrary to § 1322(b)(2).  Debtors argue that Creditor does not have a "security interest" as the term is defined and so § 1322(b)(2) does not apply.  The Court rules in favor of Debtors' and finds their Chapter 13 plan confirmable.

## BACKGROUND, FACTS, AND ARGUMENTS

Creditor built Debtors a luxury home.  Debtors moved in sometime in 2011.  At that time, Debtors had a dispute with Creditor about what work needed to be finished and complaints about the quality of Creditor's workmanship.  Because of these disputes, Debtors did not pay Creditor the full contract amount.  Creditor then sued Debtors in Iowa District Court for the balance owed.  The Iowa District Court eventually held in favor of Creditor.  The Court entered judgment for $22,579.32 for unpaid bills, an additional $5,000 in liquidated damages, and $50,471.35 in attorney fees.  This judgment is fully secured by a lien on the home.

Debtors filed bankruptcy.  The parties could not agree on the value of the home.  This Court held a valuation hearing and ruled that the home is worth $674,220.  In addition to Creditor's judgment and lien, Debtors owe about $500,000 on a mortgage with First Bank Hampton.  Their mortgage payment is $2,490, not including taxes or insurance.  They are current on payments.

Debtors now seek confirmation of a five-year Chapter 13 plan. Under that plan, Debtors would pay Creditor's claim in two parts: $449.15 monthly on the portion of the judgment for damages at 5.25% interest, and $462.26 monthly on the attorney fee portion of the judgment at 0% interest. Debtors' plan provides for these payments to Creditor to occur over 10 years. In particular, the plan provides that Debtors would pay Creditor for five years after the plan is completed. The plan provides that Creditor's lien would remain on the property until they pay Creditor's claim in full.

Debtor Brian Hansen is 45 years old and currently works as a farm laborer and construction worker for his parents and others. He makes $1,500 to $2,000 a month depending on the season. He was making substantially more money when they built the home. At that time Mr. Hansen was working as a family physician in Hampton.

In 2012, after living in the home for about one year, Mr. Hansen was charged with and pled guilty to sexual exploitation by a counselor. He is currently prohibited from practicing medicine. He is also on the Office of Inspector General's exclusion list. This means that no funds from Medicare or Medicaid can come to any place he works until 2033. After these events in 2012, Brian Hansen's income dropped substantially. Mr. Hansen's spouse and co-debtor, Jennifer Hansen, has continued to work as a manager of a medical supply company. She

makes about $74,000 a year. Mr. Hansen's parents also assist them financially. Even so, they struggle to pay their bills each month. Although their finances are tight, Debtors believe they can make the payments outlined in the plan. Debtors have three children. One of their children is in college. The other two children are in high school and live at home. Debtors want to remain in the home to keep things stable for their family.

Creditor objects to confirmation. Creditor argues that the plan improperly modifies his secured claim on Debtors' principle residence. Creditor argues that § 1322(b)(2) prohibits such a modification. In particular, Creditor argues that Debtors' plan improperly extends payments beyond the five-year life of the plan. Creditor argues that the modification Debtors purpose is permissible only where payments remain due to a secured creditor after the plan term. Creditor argues that payment to him is due now and became due when the Iowa Court entered its judgment. Creditor concludes that a plan attempting to stretch out his payment is not confirmable. Creditor also argues that the plan improperly reduces the interest rate due on his claim.

Debtors argue that Creditor does not have a "security interest" as defined under § 1322(b)(2). The Code defines "security interest" as a "lien created by agreement." Debtors argue that Creditor's lien was not created by agreement and cannot be a security interest under § 1322(b)(2). Debtors conclude that

4

§ 1322(b)(2)'s protections for secured creditors do not apply to Creditor's lien here. Debtors further argue that even if § 1322(b)(2) did apply, the plan is still confirmable under § 1325(a)(5). This section permits modification as long as the holder of the claim retains the lien and the proposed distributions under the plan are not less than the claim amount at the time of confirmation. Debtors argue that they have met those conditions here and so modification is permitted under § 1325(a)(5).

## CONCLUSIONS OF LAW AND ANALYSIS

The portion of the Bankruptcy Code relevant here provides:

> [T]he plan may—
> . . .
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims . . . .

11 U.S.C. § 1322(b). Congress enacted this section "to protect the traditional home mortgage lender." In re Bosch, 287 B.R. 222, 226 (Bankr. E.D. Mo. 2002). "[T]he prohibition found in § 1322(b)(2) against modification of the rights of home mortgage lenders was intended to make home mortgage money on affordable terms more accessible to homeowners by assuring lenders that their expectations would not be frustrated." First Nat. Fid. Corp. v. Perry, 945 F.2d 61, 64 (3d Cir. 1991); see also In re Bosch, 287 B.R. at 227 & n.2 ("Section 1322(b)(2) was to encourage the flow of capital into the home lending market.").

5

Here, the question raised is whether § 1322(b)(2)'s antimodification provision applies to Creditor's secured claim. More precisely, the question is whether Creditor's claim is "secured only by **a security interest** in real property that is the debtor's principal residence." (emphasis added). The parties agree that Creditor's claim is fully secured. They disagree about whether it is secured by a "security interest" as defined in the Code.

The Bankruptcy Code defines "security interest" as a "lien created by an agreement." 11 U.S.C. § 101(51). Debtors point out that, unlike a consensual lien created by a mortgage loan agreement, Creditor's lien here was created by judicial action. Debtors conclude that Creditor's non-consensual lien is not a "security interest" and the antimodification provision in § 1322(b)(2) does not apply. Creditor does not address this argument.

The United States Supreme Court has said:

> [T]here are two types of secured claims: (1) voluntary (or consensual) secured claims, each created by agreement between the debtor and the creditor and called a "security interest" by the Code, and (2) involuntary secured claims, such as a judicial or statutory lien, which are fixed by operation of law and do not require the consent of the debtor.

United States v. Ron Pair Enter.'s, Inc., 489 U.S. 235, 240 (1989) (citations omitted); see also In re Johns, 37 F.3d 1021, 1025 (3d Cir. 1994) ([T]he Code . . . defines a security interest 'as a lien created by an agreement' . . . a judgment lien is not 'created by agreement.'"). Bankruptcy Courts have found that this distinction

6

between consensual and nonconsensual liens can be dispositive of whether § 1322(b)(2)'s antimodification provision applies.

> The Town's liens, albeit secured claims, were clearly not consensual agreements between the taxpayer and the Town. Thus, the Town's tax claims fall outside the definition of a consensual "security interest" as defined by the Code. The Town's attempt to construe a nonconsensual tax lien as a security interest protected under § 1322(b)(2) is unpersuasive.
>
> Even if there were some question or ambiguity about the statutory language, the legislative history of the section supports the foregoing construction of the statute. It is well settled that the legislative intent behind § 1322(b)(2) was specifically to provide special protection to home lenders and establish stability and encourage the making of home loans in the residential housing lending market. . . . The protective legislation and its rationale therefore has no meaningful connection to nonconsensual liens that arise simply by operation of law. The Town of Northwood's objection under § 1322(b)(2) accordingly cannot be sustained.

In re DeMaggio, 175 B.R. 144, 147 (Bankr. D.N.H. 1994).

This reasoning applies in the context of a statutory mechanics lien as well. In re Seel, 22 B.R. 692, 696 (Bankr. D. Kan. 1982) (finding that a "mechanic's lien is not a security interest, but rather a statutory lien" and concluding that § 1322(b)(2) did not apply). Bankruptcy courts in the Eighth Circuit have also applied this rule. See In re Tumminello, 288 B.R. 224, 228 (Bankr. E.D. Mo. 2001) (citing In re DeMaggio for the proposition that "Because a judicial lien is non-consensual, it is not an agreement that creates a security interest.").

The Court follows these cases and finds that the lien in this case is not a "security interest" as required for § 1322(b)(2) to apply. Creditor's lien is a nonconsensual statutory mechanic's lien based on a state court judgment. As a result, the Court rejects Creditor's objections that Debtors' plan improperly modifies his secured claim.

There being no other objections. The Court finds Debtors' Chapter 13 plan Confirmable.

## CONCLUSION

**WHEREFORE**, confirmation of Debtors' Chapter 13 plan is GRANTED.

Dated and Entered:   September 25, 2018

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE